## MINNESOTA COMPANY *v.* NATIONAL COMPANY.

The court—deciding that the present case is the same in fact as one already twice before it and already twice decided in the same way—rebukes, with some asperity, the practice of counsel who attempt to make the judges bear the "infliction of repeated arguments" challenging the justice of their well-considered and solemn decrees; and sends the case represented by them out of court with affirmance and costs.

THIS case came here by writ of error to the *Supreme Court of the State of Michigan,* and under the name of *The Minnesota Mining Company,* plaintiff in error, *versus The National Mining Company and J. M. Cooper,* defendants in error, the action below being for the recovery of *real property.* Though nominally different the parties were in fact the same parties who litigated the case of *Cooper* v. *Roberts,* adjudged by this court at December Term, 1855.* The same title was again, as the court declared, brought in issue, and the same ques-

---

* 18 Howard, 173.

tion again agitated.*  When the question was heard at December Term, 1855, it was elaborately discussed by counsel and deliberately considered by the court, and a unanimous decision given in favor of the party claiming, as the present defendant in error now in fact claimed.  Nevertheless, the losing party, unwilling to acquiesce in a single decision, brought the case again before the court by a second writ of error.  This second writ was heard at December Term, 1857.†  The counsel on that occasion labored with great zeal and ability to convince the court that its first decision was erroneous, but were unsuccessful.

In both the cases last referred to, the controversy came before this court on writs of error *in ejectment* to the *Circuit Court of the United States* for the District of Michigan.

Veiled under the new forms stated at the beginning of the case, to wit, the forms of a writ of error to the highest *State court of Michigan*, and with the names of mining companies for parties, and with some other unimportant variations, the matter was now brought for a third time before this tribunal; no counsel presenting himself to argue the case for the plaintiff in error, and the argument on that side being by brief of non-appearing counsel only.

*Mr. Buel, for the defendants in error*, after protesting against what he declared to be an abuse of the suitor's privilege and of this court's well-known longanimity, was beginning to argue the case on merits, when certain of the older associates who recognized the case as an old one, interposing, he was stopped by the Chief Justice, with an intimation that the court, as at present advised, thought argument on them unnecessary; and that he might consider himself as relieved.

---

* In this case, as in that, the court considered that "the question submitted to the court was whether a lease made by the Secretary of War of mineral lands, including section sixteen (appropriated by law to the State of Michigan, and commonly called the School Section), conferred a right upon the mining company to enter their land and obtain a patent for the whole or any part of that section."

† 20 Howard, 480.

The court having examined the case, Mr. Justice GRIER now delivered its opinion, and after stating the identity of the present case with the former, what was decided in the former and involved in this, and the history as above given, expressed himself in behalf of the Bench as follows:

This is another, and it is to be hoped the *last* attempt to persuade this court to reverse their decision in this case.

Where questions arise which affect titles to land it is of great importance to the public that when they are once decided they should no longer be considered open. Such decisions become rules of property, and many titles may be injuriously affected by their change. Legislatures may alter or change their laws, without injury, as they affect the future only; but where courts vacillate and overrule their own decisions on the construction of statutes affecting the title to real property, their decisions are retrospective and may affect titles purchased on the faith of their stability. Doubtful questions on subjects of this nature, when once decided, should be considered no longer doubtful or subject to change. Parties should not be encouraged to speculate on a change of the law when the administrators of it is changed. Courts ought not to be compelled to bear the infliction of repeated arguments by obstinate litigants, challenging the justice of their well-considered and solemn judgments.

The decision of the Supreme Court of Michigan, in conformity with the opinion of this court twice pronounced on the same title, is hereupon

AFFIRMED WITH COSTS.