Rosa Ella Graham BEASLEY et al., Appellants,

v.

W. P. H. McFADDIN, Jr., et al., Appellees.

No. 24977.

United States Court of Appeals
Fifth Circuit.

April 9, 1968.

Richard H. Cocke, Houston, Tex., for appellants; Irion, Cain, Cocke, Magee & Davis, Houston, Tex., of counsel.

Major T. Bell, Beaumont, Tex., Jesse J. Lee, Fred A. Lange, W. B. Edwards, Houston, Tex., Ewell Strong, George A. Weller, Beaumont, Tex., William S. Clarke, Joseph Brown, Houston, Tex., John Blair, Beaumont, Tex., W. Forrest Smith, Dallas, Tex., Samuel C. Lipscomb, Dan Collie, Beaumont, Tex., Alan D. Feld, Dallas, Tex., Ben H. Rice, III, Houston, Tex., Richard Owens, Fort Worth, Tex., Thomas H. Lee, John E. Cook, James W. Lee, Houston, Tex., Benjamin R. Powel, Galveston, Tex., J. C. Hardy, J. L. LyBrand, Beaumont, Tex., for appellees.

Before JONES, WISDOM and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge.

This diversity suit is the second in a trilogy concerning the ownership of the Humphries survey. See Humphries v. Texas Gulf Sulphur Company, 5 Cir. 1968, 393 F.2d 69; Green v. Texas Gulf Sulphur Company, 5 Cir. 1968, 393 F.2d 67. The heirs in this case claim only an interest in the land. They mount essentially the same contentions as the heirs in the *Humphries* case in that they assert that the original grant was to Pelham and not William Humphries. Their distinctive argument is that the William Humphries who conveyed the land to Inglish in 1836 was not the heir of Pelham and thus had nothing to convey to Inglish. According to appellants, Pelham came to Texas in 1823 from Tennessee. He had a brother named William, under whom appellants claim as heirs; however, they assert that brother William did not convey to Inglish. Appellants think that the William who conveyed the land was not Pelham's brother because a genealogist who studied the matter made an affidavit to the effect that the grantor was another William Humphries who came to Texas from Kentucky and settled in Panola County. The genealogist also concluded that the William Humphries who made the conveyance could not have been Pelham's brother because Pelham was still alive in 1836 and in fact did not die until 1837 or 1838. The district court rejected this argument and held that there was no proof by affidavit that the deed was forged. Apparently, the district judge thought the genealogist's affidavit did not comport with Rule 56, Fed.R.Civ.P. Since there was no proof that the Inglish deed was forged, the fact that Pelham died after 1836 could not help the heirs because in that event the property would go to brother William by the doctrine of after-acquired title and estop William and his heirs from challenging the validity of the deed to Inglish. The district court also held that appellees had gained title by adverse possession. For the reasons stated in *Humphries*, we need not discuss these contentions fully. Moreover, the reasoning there is sufficient to justify the holding that all the Humphries heirs, past, present and future are without title.

Affirmed.