**Eura Mae Higginbotham GREEN et al., Appellants,**

v.

**The TEXAS GULF SULPHUR COMPANY et al., Appellees.**

**No. 24854.**

United States Court of Appeals Fifth Circuit.

April 9, 1968.

Rehearing En Banc Denied June 19, 1968.

Richard H. Cocke, Houston, Tex., E. B. Votaw, Vidor, Tex., Andrew A. Wassick, Virginia R. Wassick, Sizer Chambliss, Chattanooga, Tenn., Stephen C. Burg, Beaumont, Tex., for appellants.

Fred A. Lange and W. B. Edwards, Jesse J. Lee, Houston, Tex., George A. Weller, Ewell Strong, Beaumont, Tex., W. Forrest Smith, Dallas, Tex., William S. Clarke, Houston, Tex., Major T. Bell, John P. Blair, Beaumont, Tex., Joseph C. Brown, John C. Snodgrass, Houston, Tex., William E. Cureton, Waco, Tex., Alan D. Feld, Dallas, Tex., Thomas H. Lee, Houston, Tex., George A. Kampmann, San Antonio, Tex., Ben M. Harrison, Asst. Atty. Gen., Austin, Tex., James W. Lee, Houston, Tex., Samuel C. Lipscomb, Beaumont, Tex., Benjamin R. Powel, Galveston, Tex., J. C. Hardy, J. L. LyBrand, Beaumont, Tex., Crawford

**68**

C. Martin, Atty. Gen. of Texas, George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., Houghton Brownlee, Jr., Asst. Atty. Gen., Austin, Tex., for appellees.

Before JONES, WISDOM and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge:

This diversity suit is the third in a trilogy concerning the ownership of the Humphries survey. See Humphries v. Texas Gulf Sulphur Company, 5 Cir., 1968, 393 F.2d 69; Beasley v. McFaddin, 5 Cir. 1968, 393 F.2d 68. The heirs in this case claim only a mineral interest. They urge first that a tax deed in 1850 vested title in the State of Texas and second that if they could have the tax deed set aside, they would be entitled to the minerals rather than appellees. Appellants joined the Commissioner of the General Land Office and sought a declaratory judgment that the tax deed was invalid. The State of Texas moved to dismiss the Commissioner on the ground of sovereign immunity, and the final judgment of the district court so ordered. The heirs attack this dismissal, contending that the suit could not properly be determined without consideration of the tax deed. Following his opinion in the *Humphries* and *Beasley* cases the trial judge granted appellees' summary judgment without commenting on the validity of the tax deed.

If the tax deed simply vested title in the State of Texas, the well-settled doctrine that a party in a trespass-to-try-title action must recover on the strength of his own title, not the weakness of his opponents', would preclude appellants' recovery. Thus their only relevant argument is that the tax deed was invalid and that the dismissal of the State of Texas on grounds of sovereign immunity was improper under McGuire v. Sadler, 5th Cir. 1964, 337 F.2d 902 and requires a remand to determine the validity of the tax deed. Whatever the soundness of that argument, our reasoning in *Humphries* and *Beasley* confirms that all Humphries heirs are without title and renders a remand unnecessary. Appellants cannot use the shield of sovereignty to escape the conclusive effect of their own 125 years of complete non-claim.

Affirmed.

ON PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25(a), subpar. (b), the Petition for Rehearing En Banc is denied.