**In re B.L. PEREGOY, Robert H. Carr, Douglas C. Peregoy, and Barbara Ann Peregoy, Petitioners.**

No. 89–5732.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 18, 1989.

Decided Sept. 22, 1989.

Max E. Wilson (argued), Wilson, Wilson & Cupp, Mountain City, Tenn., for petitioners.

William C. Bovender, Hunter, Smith & Davis, Kingsport, Tenn., Michael V. Powell (argued), Locke, Purnell, Rain & Harrell, Dallas, Tex., for Phillips Petroleum Co., et al.

Robert D. Van de Vuurst, Johnson City, Tenn., Howard E. Jarvis, Baker, Worthington, Crossley, Stansberry & Woolf, Knoxville, Tenn., Robert P. Thibault, Brian S. West, Houston, Tex., for Texaco Inc.

Before GUY, BOGGS, and NORRIS, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Pursuant to the provisions of 28 U.S.C. § 1651 and Fed.R.App.P. 21, petitioners seek a writ of mandamus to compel the Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, to set aside an order of transfer entered on May 18, 1989, pursuant to 28 U.S.C. § 1406(a).[1] "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976) (citations omitted).

Upon a review of this record, we find no extraordinary circumstances. On the contrary, we find that Judge Hull appropriately transferred this case to the United States District Court for the Eastern District of Texas. We will affirm.

## I.

On February 14, 1989, the four petitioners filed a complaint in the United States District Court for the Eastern District of Tennessee. Notwithstanding that the complaint seeks 200 billion dollars, it is brief and succinct. It states simply that: (1) plaintiffs (petitioners herein) are the legal heirs of Pelham Humphries; (2) that Pelham Humphries was the grantee of a league of land in Jefferson County, Texas (in 1835); and that (3) defendants have extracted oil, gas, and other minerals from this land from which they have derived money lawfully due to the plaintiffs. Not surprisingly, defendants responded by filing, in the alternative, a motion to dismiss, to transfer, or for summary judgment. Al-

---

1. 28 U.S.C. § 1406(a) states:
 The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

though, in our opinion, Judge Hull might have correctly granted any or all of these motions, he elected to take the most conservative course and transferred this case to the District Court for the Eastern District of Texas. Petitioners then filed this action seeking to have us compel Judge Hull to undo what he had done.

Judge Hull's order of transfer was predicated upon his conclusion that "[a]ctions trying title to land are local and not transitory. Local actions must be prosecuted where the thing on which the suit is founded is situated." (Citation omitted). Petitioners contend that this was error because they seek only royalties which are personal property making this a transitory action rather than an action in rem. Although petitioners argue that they seek neither title nor possession, they do admit that their claim is dependent upon their establishing that they are the rightful owners of the land covered by the Humphries land grant.

## II.

Before addressing the precise legal issue presented, a brief look back into history is helpful. Since the turn of the century, the "Humphries heirs" have been unsuccessfully trying to assert a claim to the land in question. This is because it is the site of the now famous Spindletop oil field, one of the richest oil fields in the world. The claims of the Humphries heirs have been pursued in both federal and state courts.[2] Most recently, this litigation culminated in three lawsuits decided in 1968 by the Fifth Circuit.[3] In *Humphries v. Texas Gulf Sulphur Co.*, 393 F.2d 69 (5th Cir.1968), the court stated in affirming the grant of summary judgment by the district court:

[W]e affirm the summary judgment because the absolute non-use of and non-

claim to the land by appellants and their predecessors for more than 125 years, when measured against appellees' active use and claim, justify the imposition of a conclusive presumption that all the Humphries heirs have lost their title. We adopt this approach because it is the one that Texas courts have taken recently in dealing with problems of ownership rights based on old Spanish land grants. These cases establish a rule that acquiescence by a former owner and his descendants in the possession and assertion of ownership of land on the part of another affords a basis for finding that title passed to the possessor by deed or otherwise. Moreover, creation of this presumption of the passage of title provides an excellent shorthand way to put a judicial stop to the Pelham Humphries litigation. These endless suits have been an harassment to the land and mineral owners as well as a useless expense of time and money by litigants and courts.

*Id.* at 72.

The *Texas Gulf Sulphur* opinion concludes with the observation that "[t]he Pelham Humphries litigation is over and the Humphries heirs have no title in the league of land." *Id.* at 75. Although the Fifth Circuit was obviously wrong that the "litigation is over," we believe that its conclusion that the "Humphries heirs have no title" is a correct one.

## III.

█ In resolving the request for a writ of mandamus, we find it unnecessary to dwell at length on petitioners' contention that this matter is of a transitory rather than a local nature. Although this matter is not before us on appeal, we nonetheless are influenced by whether we would be affirming Judge Hull if this were a direct appeal. In considering whether to affirm a

**2.** *See, e.g., Glover v. McFaddin*, 205 F.2d 1 (5th Cir.), *cert. denied*, 346 U.S. 900, 74 S.Ct. 227, 98 L.Ed. 400 (1953); *Jones v. McFaddin*, 382 S.W.2d 277 (Tex.Civ.App.1964), *appeal dismissed*, 382 U.S. 15, 86 S.Ct. 56, 15 L.Ed.2d 11 (1965); *Foster v. Gulf Oil Corp.*, 335 S.W.2d 845 (Tex.Civ.App. 1960) (writ refused n.r.e.); *McBride v. Gulf Oil Corp.*, 292 S.W.2d 151 (Tex.Civ.App.1955) (writ refused n.r.e.).

**3.** *See Green v. Texas Gulf Sulphur Co.*, 393 F.2d 67 (5th Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 445, 21 L.Ed.2d 438 (1968); *Beasley v. McFaddin*, 393 F.2d 68 (5th Cir.), *cert. denied*, 393 U.S. 842, 89 S.Ct. 120, 21 L.Ed.2d 111 (1968); *Humphries v. Texas Gulf Sulphur Co.*, 393 F.2d 69 (5th Cir.1968).

**352**

district court, we are free to consider not only the rationale on which the district court based its decision but also on the basis of any other issue fairly presented in the district court. Without implying that a transfer under section 1406(a) was erroneous, since indeed we believe it to be correct, we would conclude that this matter also could have been properly transferred under the *forum non conveniens* doctrine of section 1404.[4] It is clear that Texas law will apply, that all of the title information is in Texas, that key witnesses are in Texas, and that both the federal and state courts in Texas are already familiar with this matter. We can see no connection whatsoever that the State of Tennessee has with this matter. We are aware that petitioners have indicated they contemplate a class action with as many as 1,300 heirs in the class, but these heirs have no personal knowledge of relevance nor would they be witnesses. The only inconvenience we can see is to the attorneys representing the class, and the only prejudice we anticipate is that the Texas court will likely make short work of this litigation.

 We also conclude that summary judgment would have been appropriate in this matter on the basis of res judicata or collateral estoppel. The Humphries heirs have had their day(s) in court, and then some.

 Given our view of this litigation, it is certainly not an appropriate case for mandamus. Petitioners also ask in the alternative that we certify this matter for an interlocutory appeal. Since we have already indirectly considered the merits in analyzing whether mandamus would be appropriate, nothing further would be served by appeal.

The petition for a writ of mandamus is DENIED.

---

**4.** 28 U.S.C. § 1404 states:

 Change of venue

 (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.