B.L. PEREGOY, Robert H. Carr, Douglas C. Peregoy, Barbara Ann Peregoy

v.

AMOCO PRODUCTION CO., A DIVISION OF STANDARD OIL OF INDIANA; Mobil Oil Corporation; Phillips Petroleum Co.; Texaco Inc.; Chevron, Inc.

Civ. A. No. B-89-00423-CA.

United States District Court, E.D. Texas, Beaumont Division.

June 18, 1990.

Max E. Wilson, Wilson, Wilson & Cupp, Mountain City, for plaintiffs.

Michael V. Powell, Cynthia Keely Timms, Dallas, Tex., William C. Bovender, Hunter, Smith & Davis, Kingsport, Tenn., for Amoco, Mobil, Phillips.

Don Jemison, Bartlesville, Okl., for Phillips.

Robert P. Thibault, Brian S. West, Texaco Inc., Houston, Tex., Howard E. Jarvis, Baker, Worthington, Crossley, Stansberry & Woolf, Knoxville, Tenn., for Texaco.

Rick A. Mayer, Chevron U.S.A., Inc., Houston, Tex., for Chevron.

## MEMORANDUM OPINION

COBB, District Judge.

*"[T]he Pelham Humphries litigation is over and the Humphries heirs have no title in the league of land ..."*

Judge Thornberry's holding in *Humphries v. Texas Gulf Sulphur Co.*, 393 F.2d 69 (5th Cir.1968), has a hollow ring to the plaintiffs here who are seeking to exhume the Pelham Humphries dispute two decades after this definitive epitaph.

On February 14, 1835, Pelham Humphries received a land grant for one league of land in Southeast Texas from the Government of Coahuilla and Texas. He conveyed it in 1836 to William Inglish, whose children or heirs conveyed it to W.P.H. McFaddin in 1883. 393 F.2d at 70-71.

The Humphries litigation, spawned by the famed Spindletop oilfield discovery, has long persisted in the face of numerous orders, decrees, and final judgments.[1]

This suit was filed in the United States District Court for the Eastern District of Tennessee on February 14, 1989. "Plaintiffs are the legal heirs of Pelham Humphries, Deceased," (Complaint ¶ 3), and are seeking "an accounting for all minerals extracted from the league" which is asserted to be "in excess of Two Hundred Billion Dollars" from the defendants (Complaint, ¶ 5).

Judge Thomas Hull transferred the suit to the Eastern District of Texas on May 18, 1989. Plaintiffs sought a writ of mandamus from the Sixth Circuit to require Judge Hull to retain this Texas land case in East Tennessee. The mandamus was denied with a written opinion September 22, 1989. *In re Peregoy*, 885 F.2d 349 (6th Cir.1989).

The Sixth Circuit held:

We also conclude that summary judgment would have been appropriate in this matter on the basis of res judicata or collateral estoppel. The Humphries heirs have had their day(s) in court, and then some.

*Id.* at 352.

All defendants have filed motions for summary judgment under Rule 56(b), FED. R.CIV.P.[2] The plaintiffs have filed a motion for class action certification under FED.R.CIV.P. 23.

The United States Court of Appeals for the Fifth Circuit has held that when appropriate, a district court can rule on motions for summary judgment before deciding whether to certify the case as a class action. *Floyd v. Bowen*, 833 F.2d 529, 534–35 (5th Cir.1987). *See also, Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir. 1984) (citing *Jacobs v. Gromatsky*, 494 F.2d 513, 514 (5th Cir.), *cert. denied*, 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974); *Miller v. Mackey International, Inc.*, 452 F.2d 424, 428–29 (5th Cir.1971)).

Summary judgment is the appropriate method to dispose of this suit. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), therefore the court will not address the class action question.

At least seven reported cases have finally adjudicated claims of the heirs of Pelham Humphries, or claims arising out of the Humphries' claims. The plaintiffs were unsuccessful in every case. (See FN. 1.)

In *Glover v. McFaddin*, 205 F.2d 1 (5th Cir.) *cert. denied*, 346 U.S. 900, 74 S.Ct. 227, 98 L.Ed. 400 (1953), the plaintiffs claimed title to the league of land through their ancestor Pelham Humphries, and his brother William and sister Betsie Janie Humphries. The United States District Court for the Eastern District of Texas granted summary judgment for the defendants. The Fifth Circuit affirmed.[3]

---

**1.** *Glover v. McFaddin*, 205 F.2d 1 (5th Cir.), *cert. denied*, 346 U.S. 900, 74 S.Ct. 227, 98 L.Ed. 400 (1953); *McBride v. Gulf Oil Corp.*, 292 S.W.2d 151 (Tex.Civ.App.—Beaumont 1955, writ ref'd n.r.e.); *Foster v. Gulf Oil Corp.*, 335 S.W.2d 845 (Tex.Civ.App.—Beaumont 1960, writ ref'd n.r. e.); *Jones v. McFaddin*, 382 S.W.2d 277 (Tex.Civ. App.—Texarkana 1964, writ dism'd w.o.m.), *appeal dism'd*, 382 U.S. 15, 86 S.Ct. 56, 15 L.Ed.2d 11 (1965); *Green v. Texas Gulf Sulphur Co.*, 393 F.2d 67 (5th Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 445, 21 L.Ed.2d 438 (1968); *Beasley v. McFaddin*, 393 F.2d 68 (5th Cir.), *cert. denied*, 393 U.S. 842, 89 S.Ct. 120, 21 L.Ed.2d 111 (1968); *Humphries v. Texas Gulf Sulphur Co.*, 393 F.2d 69 (5th Cir.1968). With the exception of *Foster*, each case resulted in summary judgment for defendants.

**2.** Texaco Inc. has actually moved for dismissal under FED.R.CIV.P. 12(b)(6); the motion is

hereby considered as a motion for summary judgment under FED.R.CIV.P. 56. See FED.R. CIV.P. 12(b)(6).

**3.** B.L. Peregoy, one of the plaintiffs here, was a plaintiff in *Glover*. Magnolia Petroleum Company, Gulf Oil Corporation, Gulf Refining Company, Stanolind Oil Purchasing Company, were defendants. Judgment at 2–8, *Glover v. McFaddin*, 205 F.2d 1 (5th Cir.), *cert. denied*, 346 U.S. 900, 74 S.Ct. 227, 98 L.Ed. 400 (1953). The defendants in *Glover* named above were predecessors to Amoco, Mobil, and Chevron, defendants in the instant case (Affidavits Shannon, Oates, Jr. and Messer). Texaco was a named party in *Green* and lawsuits (Affidavit of Cowart). The predecessor companies of Amoco, Mobil, and Chevron were also parties to *Beasley* (judgment at 4); and *Green* (judgment at 3); Pan American Petroleum Corporation, a prede-

This entire matter was decided by the Fifth Circuit in 1968 for the "final" time. All of the appellants in the *Humphries* case, and the appellants in the two companion cases, *Green, et al. v. Texas Gulf Sulphur Co., et al.*, 393 F.2d 67 (5th Cir.), cert. denied, 393 U.S. 977, 89 S.Ct. 445, 21 L.Ed.2d 438 (1968), and *Beasley, et al. v. McFaddin, et al.*, 393 F.2d 68 (5th Cir.), cert. denied, 393 U.S. 842, 89 S.Ct. 120, 21 L.Ed.2d 111 (1968), claimed as heirs of Pelham Humphries. These cases have been referred to as the "trilogy" of the Humphries claims.

In each opinion, the Fifth Circuit held in favor of defendants:

> "The Pelham Humphries litigation is over and the Humphries heirs have no title in the league of land." *Humphries*, at 75.

> "All Humphries heirs, past, present, and future, are without title." *Beasley*, at 69.

> "All Humphries heirs are without title and this renders a remand unnecessary." *Green*, at 68.

The Fifth Circuit clearly indicated these three opinions were to be considered together:

> "Our reasoning in *Humphries* and *Beasley* confirms that all Humphries heirs are without title." *Green*, at 68.

> "[W]hat is said here is also dispositive of the *Beasley* and *Green* appeals." *Humphries*, at 71.

Texaco, therefore, was expressly affected by the companion case, *Humphries*.

The Fifth Circuit's trilogy makes it unnecessary for this court to compare the parties to this action with the parties to previous actions. Such comparisons underscore the futility of the present action. Although plaintiffs in this case now maintain the previous cases do not preclude them from pursuing the present claims "as the heirs of Pelham Humphries," this court believes that when the Court of Appeals said "all Humphries heirs," it meant *all*

Humphries heirs, "past, present, and future."

There are three distinct grounds which, considered separately, support summary judgment for defendants. These are (1) *stare decisis*; (2) collateral estoppel; and (3) *res judicata*.

## I.

■ *Stare decisis* gives force of law to precedent, and is broader than the doctrines of *res judicata* and collateral estoppel. *Stare decisis* does not require commonality or privity among the parties to the present or prior litigation. When a reviewing court issues a final ruling on a matter of law before it, "such determination is binding and conclusive in all subsequent suits involving the same subject matter, whether the parties and the property are the same or not." *Pomeroy Oil Corp. v. Pure Oil Co.*, 279 S.W.2d 886, 888 (Tex. Civ.App.—Waco 1955, writ ref'd); *Sturgeon v. Strachan Shipping Co.*, 698 F.2d 798, 800 (5th Cir.1983). Each of the seven Spindletop cases reported were final decisions concerning the claim of Pelham Humphries and his heirs to Spindletop.

■ *Stare decisis* is particularly applicable in cases involving claims to title to land because of the importance of establishing stability of land sales, transactions and titles. *Confederated Salish and Kootenai Tribes v. Namen*, 665 F.2d 951, 960 (9th Cir.), cert. denied, 459 U.S. 977, 103 S.Ct. 314, 74 L.Ed.2d 291 (1982).

The importance of *stare decisis* in land and title disputes was stated by the Supreme Court of the United States in 1923. Justice Van Devanter, writing for the majority, declared:

> Where questions arise which affect titles to land it is of great importance to the public that when they are once decided they should no longer be considered open. Such decisions become rules of property, and many titles may be injuriously affected by their change ... Doubtful questions on subjects of this

cessor to Amoco, was a defendant in *Humphries* (judgment at 1) (Affidavits of Shannon, Oates, and Messer, *supra*).

nature, when once decided, should be considered no longer doubtful or subject to change.

*United States v. Title Ins. Co.,* 265 U.S. 472, 486–87, 44 S.Ct. 621, 623, 68 L.Ed. 1110 (1923); (citing *Minnesota Co. v. National Co.,* 3 Wall. 332, 334, 18 L.Ed. 42 (1865)).

*Stare decisis* applies in general to land cases, and it is even more germane when the ruling involves the claims of the same category of plaintiffs to the same land as in this case. *See, Pomeroy Oil Corp. v. Pure Oil Co.,* 279 S.W.2d 886 (Tex.Civ.App.— Waco 1955, writ ref'd); *Mitchell v. Mitchell,* 303 S.W.2d 352, 354 (1957) (construction of a will); *Pope v. Southampton Civic Club,* 539 S.W.2d 165 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ) (construing restrictive covenants).

■ This court is bound by decisions of the Court of Appeals for the Fifth Circuit. There can be no stronger precedent than the Fifth Circuit's "trilogy" rejecting the claims of the Humphries heirs, and this court is bound by those holdings. What was true in 1968 is true today.

The plaintiffs in this suit make the same claims to the same property made in *Humphries v. Texas Gulf Sulphur Co.,* 393 F.2d 69 (5th Cir.1968)—claims to the title to land, claims to minerals produced from the land, and, once again, claims by the plaintiffs that they are heirs of Pelham Humphries. Therefore, summary judgment is GRANTED as to all defendants by reason of *stare decisis.*

## II.

■ Collateral estoppel also requires the defendants' motions for summary judgment to be granted. The elements of collateral estoppel, or issue preclusion, are:

(1) the issue at stake be identical to the one involved in the prior litigation;

(2) the issue has been actually litigated in the prior litigation; and

(3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action.

*United States v. "Monkey,"* 725 F.2d 1007, 1010 (5th Cir.1984); *Wehling v. Columbia Broadcasting System,* 721 F.2d 506, 508 (5th Cir.1983).

The controlling issue in each prior suit by the Humphries heirs has been their claim to the land as heirs of Pelham Humphries. The prior decisions on this issue necessarily determines the other issues in the case. When the tactical efforts of plaintiffs and their counsel are stripped away, the central issue is whether the plaintiffs as heirs have any claim to the land involved in this suit. If they do not, all other issues become moot. The trilogy cases make it clear plaintiffs, as heirs of Pelham Humphries, have absolutely no claim to the league of land in question. Further, as in this case, the determination of title to the land was the critical and necessary part of the judgments of the earlier actions.

For collateral estoppel to apply, these plaintiffs must have been either parties or in privity with the parties to the prior lawsuits. *See, Hardy v. Johns–Manville Sales Corp.,* 681 F.2d 334, 338–39 (5th Cir. 1982). The Fifth Circuit has held that parties are sufficiently close to be precluded from re-litigation when (a) they have succeeded to a party's property interest; (b) they controlled the prior litigation; or (c) their interests were adequately represented by a party in the original suit. *Id.* at 339.

As the Fifth and Sixth Circuits have already determined, the heirs of Pelham Humphries have "had their day(s) in court, and then some." *In re Peregoy,* 885 F.2d 349 (6th Cir.1989); *Humphries v. Texas Gulf Sulphur Co.,* 393 F.2d 69 (5th Cir. 1968). Accordingly, collateral estoppel supports summary judgment for all defendants, and their motions are therefore GRANTED.

## III.

■ Defendants Amoco, Mobil, Chevron, and Texaco also contend *res judicata* bars plaintiffs' suit.

*Res judicata,* or claim preclusion, is available to most of the defendants in this case. Claim preclusion applies where

(1) there is an identity of parties between the two proceedings;

(2) both suits involved the same claims;

(3) the prior judgment was rendered by a court of competent jurisdiction; and

(4) the decision in the prior proceeding was a formal judgment on the merits.

*Clark v. Amoco Production Co.,* 794 F.2d 967, 972 (5th Cir.1986).

The first element regarding defendants Amoco and Mobil is satisfied; predecessor companies of these defendants were parties in *Glover, Green,* and *Beasley.* The predecessor of Amoco was also a defendant in *Humphries.* (See affidavits of Oates and Shannon).

Chevron is the successor to Gulf Oil Corporation. Gulf was defendant in all of the prior suits except for *Humphries.* (See affidavit of Messer). Texaco, too, was a party to *Green* and *Beasley,* as noted *supra.*

The second element is present. There is clearly identity of interests between the present plaintiffs and those in prior Spindletop suits. In every case, it is only by establishing that Pelham Humphries died intestate while vested with title to the league of land where the Spindletop Field is located that *any* Humphries heir could recover. No matter what arguments exist between the factions of Humphries heirs, they *all* must prove that Pelham Humphries died while vested with title to the Humphries Survey. If plaintiffs fail on this point, no heir, no matter what the relationship to Pelham Humphries, can recover.

Plaintiffs cannot have a valid claim to the land if Pelham Humphries had no interest in it at his death. By claiming interest in the Humphries Survey by virtue of ancestral ties to Pelham Humphries, each and every plaintiff, past, present, and future, has an identical claim. In each of the prior cases the deciding courts had jurisdiction over the suit. The third element is satisfied.

■ The final requirement is that the prior decision be a formal judgment on the merits. Under *res judicata,* a summary judgment is an adjudication on the merits. *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir.1979). Six out of seven of the reported decisions resulted from summary judgment for the defendants. The only defendant who cannot assert *res judicata* as a defense is Phillips Petroleum Company, since neither it nor its predecessors have been parties in prior Pelham Humphries Spindletop litigation. All of the other defendants assert *res judicata* as an additional defense. Summary judgment is GRANTED as to Mobil, Chevron, Amoco, and Texaco.

Defendants Amoco, Mobil, and Phillips filed their original answers to plaintiffs' complaint on March 27, 1989, in the Eastern District of Tennessee. The answer asserted numerous affirmative defenses, some aimed at the merits of the action, some of a procedural nature. Among the defenses asserted are lack of subject matter jurisdiction; failure to state a claim upon which relief can be granted; the Texas two, three, four, five, ten, and twenty-five year statutes of limitations of the State of Texas;[4] the doctrine of presumed grant or lost deed; and laches. Since summary judgment has been granted as to defendants under the doctrines of *res judicata,* collateral estoppel, and *stare decisis,* it is not necessary to consider the various defenses asserted on the merits of the suit.

This case is meritless. A simple and cursory examination of the table of cases in the Federal Digest system would have revealed the result which this court has reached so predictably. It is indeed regrettable that the heirs of Pelham Humphries have needlessly caused to be expended the judicial resources of the United States Courts of Tennessee, Texas, the Court of Appeals for the Sixth Circuit, and the actual resources of the defendants. The eagerness of the plaintiffs and their lawyer to pursue this case in the light of numerous existing final decisions on the same issue

---

**4.** VERNON'S ANN.TEX.CIV.STAT. Art. 5507; VERNON'S ANN.TEX.CIV.STAT. Art. 5509; VERNON'S ANN.TEX.CIV.STAT. Art. 5510; VERNON'S ANN.TEX.CIV.STAT. Art. 5519.

may violate the provisions which require the lawyer to make reasonable inquiry as to the basis of his cause of action prior to filing an action in a United States District Court. Rule 11, FED.R.CIV.P.

The defendants have filed motions for the imposition of sanctions under Rule 11, FED.R.CIV.P. A hearing will be set to act upon the motions. Counsel for all parties will be notified of the hearing, and may present all relevant matters for the court's consideration. The court may or may not request additional information from counsel or the parties.

Lest there be any further misunderstanding as to this court's ruling, take heed: there is no claim available to any heir of Pelham Humphries as to any part, parcel, or portion of the league of land commonly known as the Humphries Survey, nor the minerals extracted therefrom; nor is there any such claim by any heir of Pelham Humphries available to be asserted to that property or minerals extracted from the league since 1901. "Any heir" of Pelham Humphries means *every heir*, past, present, or future. This court desperately desires that the ghost of Pelham Humphries will no longer haunt the halls of the United States court system.

*"[T]he Pelham Humphries litigation is over ... "* Requiescat in pace.