**B.L. PEREGOY, et al.,**
**Plaintiffs–Appellants,**

v.

**AMOCO PRODUCTION COMPANY, et al., Defendants–Appellees.**

Nos. 90–4535, 90–4834
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 23, 1991.

Max E. Wilson, Wilson, Wilson & Cupp, Mountain City, Tenn., for plaintiffs-appellants.

George E. Butler, II, Atlanta, Ga., for amicus curiae Humphries–Gragg.

Morris Harrell, Michael V. Powell, Cynthia K. Timms, Dallas, Tex., William C. Bovender, Hunter, Smith & Davis, Kingsport, Tenn., for Amoco, Mobile Oil and Phillips Petroleum.

Don Jemison, Bartllesville, Okl., for Phillips Petroleum Co.

Robert P. Thibault, Brian S. West, Texaco, Inc., Houston, Tex., for Texaco, Inc.

Rick A. Mayer, Legal Dept., Chevron USA, Houston, Tex., for Chevron USA.

Before CLARK, Chief Judge, KING and GARWOOD, Circuit Judges.

PER CURIAM:

The plaintiffs in this case claim to be heirs of the original grantee of a tract of land known as the "Humphries survey" located in southeast Texas. They maintain that the defendants have been trespassing on their land and unlawfully taking their minerals. The district court granted summary judgment for all defendants. 742 F.Supp. 372. We affirm.

In a series of cases known as the "*Humphries* trilogy," this court held that "the absolute non-use of and non-claim to the land by appellants and their predecessors for more than 125 years, when measured against appellees' active use and claim, justify the imposition of a conclusive presumption that all the Humphries heirs have lost their title." *Humphries v. Texas Gulf Sulphur Co.*, 393 F.2d 69, 72 (5th Cir.1968); *see also id.* at 75; *Beasley v. McFaddin*, 393 F.2d 68, 69 (5th Cir.), *cert. denied*, 393 U.S. 842, 89 S.Ct. 120, 21 L.Ed.2d 111 (1968); *Green v. Texas Gulf Sulphur Co.*, 393 F.2d 67, 68 (5th Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 445, 21 L.Ed.2d 438 (1968). Accordingly, we granted summary judgment for the defendants.

The defendants in today's case maintain that the operative facts are identical to those in the *Humphries* trilogy.

They indicate that the plaintiffs in today's case claim to be heirs of the same original grantee as the plaintiffs in the *Humphries* trilogy. They contend that neither the *Humphries* trilogy plaintiffs and their predecessors nor these plaintiffs and their predecessors used or claimed the land for more than a century, whereas the defendants in today's case and their predecessors actively used and claimed the land. Thus, the defendants argue that summary judgment was proper on the basis of *stare decisis*.

Summary judgment is appropriate when there are no genuine issues of material fact so that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In the *Humphries* trilogy, we stated: "The Pelham Humphries litigation is over and the Humphries heirs have no title in the league of land." *Humphries*, 393 F.2d at 75. We concluded: "[A]ll Humphries heirs, past, present and future are without title." *Beasley*, 393 F.2d at 69. Because defendants' motion for summary judgment necessarily asserted that plaintiffs were similarly situated to the plaintiffs in the *Humphries* trilogy, it was incumbent on the plaintiffs to present summary judgment evidence which distinguished their fact situation in this case from the *Humphries* trilogy cases. They made no attempt to do so.

Plaintiffs argue that *stare decisis* only applies to questions of law and that the *Humphries* trilogy decided questions of fact. Plaintiffs both mischaracterize the *Humphries* trilogy and miss the point of the summary judgment issue here. The *Humphries* cases were decided on summary judgment against other Humphries heirs who were, for all material fact purposes, in the same position as today's Humphries heirs. In fact, the record shows that at least some of these plaintiffs are lineal descendants of *Humphries* trilogy plaintiffs. In the *Humphries* cases, we held that, on the facts presented, the defendants were entitled to judgment as a matter of law because of the Texas doctrine of presumed lost deed. The result must be the same in this case because all material sum-mary judgment facts are identical. Summary judgment was correctly entered by the district court.

■ The district court imposed Rule 11 sanctions on the plaintiffs. Abuse of discretion review applies. *See Cooter & Gell v. Hartmarx Corp.*, — U.S. —, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990). The record shows that several plaintiffs have created a litigation fund solicited from numerous potential Humphries heirs. The purpose of this fund is to attempt to establish claims to the Humphries survey through litigation. The plaintiffs and their counsel filed this action even though they were well aware of the *Humphries* trilogy. Then, when faced with a motion for summary judgment invoking those cases, the plaintiffs did not even attempt to distinguish their case on any fact basis. The district court did not abuse its discretion by imposing sanctions.

The decision of the district court is

AFFIRMED.