Carlos H. FERNANDEZ, M.D. and Carlos H. Fernandez, M.D.P.A., Appellants

v.

MEMORIAL HEALTHCARE SYSTEM, INC., Memorial Hospital System, Inc., Gary R. Leach, M.D., Arthur D. Hamberger, M.D., and Dan S. Wilford, Appellees.

No. 01–93–00223–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 19, 1995.

Rehearing Overruled March 16, 1995.

David T. Lopez, Houston, for appellants.

William R. Pakalka, Joy M. Soloway, Anne M. Rodgers, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment granted in favor of defendants in the trial court, Memorial Healthcare System, Inc., Memorial Hospital System, Inc., Gary Leach, M.D., Arthur D. Hamberger, M.D., and Dan S. Wilford (collectively, Memorial Healthcare). The sole issue this Court must decide is whether the plaintiffs' state court action is barred, under the doctrine of res judicata, by a summary judgment granted in favor of Memorial Healthcare in federal court.

In 1990, Memorial Healthcare entered into a contract with certain physicians granting them the exclusive right to use the hospital's radiology facilities and equipment. Plaintiffs, Dr. Carlos H. Fernandez and his professional corporation, Carlos H. Fernandez, M.D., P.A.,[1] were not parties to the contract. Unhappy with the way the contract negatively affected his oncology practice, Fernandez filed suit against Memorial Healthcare in federal court on January 3, 1991. In the federal court action, Fernandez claimed violations of the Civil Rights Act of 1866, and the Sher-

man Antitrust Act, and requested a declaratory judgment. He also included pendent state law claims of breach of contract, slander, intentional interference with a beneficial relationship, and a violation of the Texas Free Enterprise and Antitrust Act.

Soon after the suit was filed, the federal court ordered the parties to mediation. On April 4, 1991, Fernandez and Memorial Healthcare executed a settlement agreement. Under the terms of the agreement, the parties agreed to file an order dismissing with prejudice all claims in the federal suit. Such an order was never filed, however, because Fernandez subsequently concluded that Memorial Healthcare breached the terms of the settlement agreement.

On December 31, 1991, while the federal suit was still pending, Fernandez filed the present suit in Texas state court. The state court petition is virtually identical to the federal complaint, but it drops the federal claims, and adds a due process claim under article I, section 19 of the Texas Constitution, and a claim for civil conspiracy. Additionally, in his state court claim for intentional interference with beneficial relationships, Fernandez states that the actions of Memorial Healthcare interfered not only with Fernandez's relationship with the hospital, but also with the relationship between Fernandez and his patients. In the federal action, he had alleged the same conduct of Memorial Healthcare, but only alleged interference with his relationship with the hospital as his damages.

In February 1992, Fernandez filed a supplemental complaint in the federal action. In the supplemental complaint, Fernandez alleged he had attempted to negotiate an association between himself and Bellaire General Hospital so that he could treat his patients at its facility, and that Memorial Healthcare had interfered with these negotiations. Fernandez contended that this alleged interference was a breach of the settlement agreement previously agreed to by the parties.

On February 24, 1992, Memorial Healthcare filed a motion to enforce the settlement agreement in federal court. On February

---

1. Plaintiffs will be referred to collectively as "Fernandez."

27, 1992, it filed a motion for sanctions to prohibit Fernandez from introducing evidence. On March 5, 1992, Memorial Healthcare moved for summary judgment in the federal action. Fernandez filed no response to any of these three motions.

On July 2, 1992, the federal district judge considered the motions filed by Memorial Healthcare, and ordered that all three motions were granted. In his order, the federal district judge noted that under local rule 6(d) of the Southern District of Texas, submission on all motions is 20 days after filing. He also noted that under local rule 6(e), a failure to respond will be taken as a representation of no opposition. The federal court noted that Fernandez had received ample warning regarding the consequences of his failure to respond. The court then indicated that he considered the motions to be unopposed, and further stated:

> The Court therefore has considered the same, and *finding each to be meritorious,* the Court hereby GRANTS (1) Defendants' Verified Motion to Enforce Settlement Agreement, (2) Defendants' Motion to Prohibit Plaintiff from Introducing Evidence, and (3) Defendants' Motion for Summary Judgment, all in their entirety. Plaintiffs' claims against Defendants are hereby DISMISSED with prejudice, and Defendants' counterclaims against Plaintiff are continued on the Court's docket pending further notice.

(Emphasis added.) A final judgment was entered in the federal district court on July 2, 1992.

On September 15, 1992, Memorial Healthcare filed a motion for summary judgment in the state court action. In the motion, Memorial Healthcare argued that Fernandez's claims are barred by a release and settlement, and by the doctrine of res judicata. The state district court granted Memorial Healthcare's motion for summary judgment. Fernandez now appeals the judgment of the state district court.

In his first point of error, Fernandez contends the trial court erred in granting summary judgment because the settlement agreement is not enforceable under Texas law. In points of error two, three, and four, Fernandez contends the doctrine of res judicata is inapplicable.[2] Because we believe the issue of res judicata controls the disposition of this case, we do not address point of error one.

■ The doctrine of res judicata is an affirmative defense. TEX.R.CIV.P. 94. A properly pleaded affirmative defense, supported by uncontroverted summary judgment evidence, may serve as the basis for a summary judgment. *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 494 (Tex.1991). When a defendant moves for summary judgment on its affirmative defenses, it must conclusively prove all the essential elements of its defenses as a matter of law, leaving no issues of material fact. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). Summary judgment is proper for a defendant if it conclusively establishes all elements of its affirmative defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

■ Because the federal case proceeded to judgment first, we apply federal principals of res judicata. *Eagle Properties, Ltd., v. Scharbauer,* 807 S.W.2d 714, 718 (Tex.1990). Under federal law, res judicata will apply if: 1) the parties are identical in both suits; 2) the prior judgment is rendered by a court of competent jurisdiction; 3) there is a final judgment on the merits; and 4) the same cause of action is involved in both cases. *Id.* at 718.

Both parties concede that the first two elements of res judicata have been met. However, Fernandez argues that the federal court summary judgment was not an adjudication on the merits, and that the same cause of action is not involved in both cases.

---

2. In point of error two, Dr. Fernandez argues vigorously about the circumstances under which the federal summary judgment was granted, specifically, about whether he should have been allowed to file a late response to Memorial Healthcare's motion because of some confusion over the submission date of the motion. However, those issues are not properly before this Court. We do not consider the merits of the federal court's judgment; we only decide whether that judgment precludes the state court action.

### Final Judgment on the Merits

Fernandez argues that the summary judgment rendered in federal court was actually a sanction for his failure to timely respond to Memorial Healthcare's motions. Although the federal judge's opinion chastises Fernandez for failing to follow the local rules, there is no indication that the court refused to consider the merits of Memorial Healthcare's motion for summary judgment. There is also no indication that the trial court dismissed Fernandez's case as a sanction for failure to timely respond. This conclusion is bolstered by the fact that the trial court had before it a separate motion for sanctions, and a separate motion to enforce settlement agreement, both of which the trial court also granted. The "sanction" imposed was the refusal to permit Fernandez to introduce evidence, not the dismissal of his case; it was the settlement agreement that stated Fernandez' claims would be dismissed with prejudice.

In his order, the trial judge states that because Fernandez did not respond in accordance with local rule 6(d) and (e), Memorial Healthcare's three motions, including the motion for summary judgment, were considered unopposed. The judge then stated that he considered Memorial Healthcare's motions, found them to be "meritorious," and ordered all three motions granted. This indicates the trial judge found that Memorial Healthcare's unopposed motion for summary judgment was sufficient to show it was entitled to judgment as a matter of law.

A summary judgment is a judgment on the merits. *Daigle v. Opelousas Healthcare, Inc.,* 774 F.2d 1344, 1348 (5th Cir.1985). It is to be accorded res judicata effect. *Peregoy v. Amoco Production Co.,* 742 F.Supp. 372, 376 (E.D.Tex.1990), *aff'd,* 929 F.2d 196 (5th Cir.), *cert. denied,* 502 U.S. 864, 112 S.Ct. 188, 116 L.Ed.2d 149 (1991). Because the uncontroverted evidence shows that the federal district judge considered Memorial Healthcare's motion, and granted summary judgment because he found the motion meritorious, the federal court summary judgment is an adjudication on the merits.

Furthermore, the settlement agreement executed by the parties provided that the parties would file an agreed order dismissing all claims with prejudice. Consistent with the terms of the settlement agreement, the federal district judge stated in his opinion that Fernandez's claims were *dismissed with prejudice.* Fernandez claims this was an involuntary dismissal. FED.R.CIV.P. 41(b) provides that an involuntary dismissal, other than a dismissal for lack of jurisdiction, improper venue, or failure to join a party, operates as an adjudication on the merits. In *Bierman v. Tampa Elec. Co.,* 604 F.2d 929, 930 (5th Cir.1979), the plaintiff's action was dismissed by the court sua sponte because a local rule allowed the court to dismiss actions for failure to prosecute. The appellate court held that this was an involuntary dismissal and acted as an adjudication on the merits for the purposes of res judicata. *Id.* at 930.

Regardless of whether the federal court's order is regarded as a summary judgment, a dismissal with prejudice, or both, we conclude that it operates as an adjudication on the merits.

### Same Cause of Action

Having decided that Memorial Healthcare has proved the third element of its affirmative defense, we now turn to the fourth and final element. Res judicata will apply only if the same cause of action is involved in both the federal and the state court actions.

The federal courts have adopted the "transactional test" for determining whether two complaints involve the same cause of action for the purposes of res judicata. *Agrilectric Power Partners, Ltd. v. General Electric Co.,* 20 F.3d 663, 665 (5th Cir.1994). Under this approach, the critical issue is not the relief requested or the theory asserted, but whether the plaintiff bases the two actions on the same nucleus of operative facts. *Id.*

In both this case and the federal case, Fernandez relies on the same underlying facts. A comparison of the state court petition and the federal complaint shows that the portion entitled "Factual Background" in the state court petition is almost identical to

the factual allegations in paragraph 4 of the federal complaint. In *both* pleadings Fernandez complains of the following specific acts of the defendants:

(a) Secret meeting for the purpose of establishing an arrangement tying the exclusive use of the radiation · therapy equipment at Memorial Hospital Southwest to the rendering of services exclusively by Dr. Leach or Dr. Hamberger;

(b) derogatory statements made to members of the corporate board of directors about Fernandez's professional ability and experience;

(c) allegations made by defendants that Fernandez had not rendered effective treatment to patients;

(d) selection of Leach and Hamberger for the exclusive tying arrangement without consideration of Fernandez;

(e) notice to Fernandez of the hospital's intent to enter into the tying arrangement only after the hospital had committed to the arrangement without consideration of Fernandez;

(f) refusal of Fernandez's requests for an explanation of the reasons he was being denied staff privileges (or "the means with which to pursue his livelihood at Memorial Hospital Southwest," as the conduct was referred to in the state court petition).

A comparison of the state petition and the federal complaint shows that both rely on the *same nucleus of operative facts.* In both actions, the basis of Fernandez's claims is the exclusive contract that Memorial Healthcare entered into with Leach and Hamberger, and its effect of denying Fernandez hospital privileges at Memorial Southwest.

Fernandez contends that the lawsuits are different because the state court action includes new claims. As stated earlier, the state court action added a due process claim under the Texas Constitution, and a claim for civil conspiracy. The state court action also included for the first time the claim that Memorial Healthcare's actions had resulted in unlawful interference with Fernandez's relationship with his patients. All of these "new" state court claims are based on a common nucleus of operative facts that was alleged in both the federal and state actions.

Res judicata, or claim preclusion, bars all claims that were brought, *or could have been brought,* in the previous action. *Langston v. Insurance Co. of North America,* 827 F.2d 1044, 1047 (5th Cir.1987). When a lawsuit is brought in federal court, and there is no jurisdictional obstacle to advancing state law claims, res judicata bars any effort to assert the state law claims in a separately filed state court lawsuit. *Eagle Properties, Ltd.,* 807 S.W.2d at 718. To determine whether the omitted state claims could have been brought in the federal action we must: 1) determine whether the federal court possessed jurisdiction over the omitted claim; and 2) whether the federal court would have clearly declined to exercise that jurisdiction. *Jeanes v. Henderson,* 688 S.W.2d 100, 104 (Tex.1985).

There was no jurisdictional obstacle in this case; Fernandez could have advanced his "new" claims in the federal lawsuit. When a federal claim and a state claim are combined in one lawsuit, and derive from a common nucleus of operative facts, a federal court has the power to adjudicate the state court claim, under the doctrine of pendent jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Fernandez could have presented his state court claims to the federal court, along with his federal claims under the Sherman Antitrust Act and the Civil Rights Act of 1866. In fact, his federal complaint *did include* state claims of breach of contract, state antitrust violations, slander, and intentional interference with a beneficial relationship. The federal court assumed jurisdiction over these pendent state claims, and rendered an adjudication on their merits. There was no reason Fernandez could not have also included his claims of conspiracy, denial of due process under the Texas Constitution, and interference with his relationship with his patients, in his federal court action.[3]

---

3. We note that at oral argument before this court Fernandez claimed that his state court case included new claims that Memorial Healthcare interfered with his relationship with his patients by

There is also no indication that the federal court would have refused to exercise pendent jurisdiction over the newly asserted claims. As stated above, the federal court had already assumed jurisdiction over four of Fernandez's state law claims. *See Jeanes,* 688 S.W.2d at 104 (because federal court had already exercised pendent jurisdiction over some state claims, there is no reason it would have declined to exercise its discretion over another state claim).

We conclude that Memorial Healthcare proved all the essential elements of its affirmative defense of res judicata as a matter of law. Accordingly, we overrule points of error two, three, and four.

We affirm the judgment.

preventing him from establishing a relationship with Bellaire General Hospital so he could treat his patients at that facility. We do not see such a claim in the state court petition. However, we note Fernandez's supplemental complaint in the federal court did raise this issue. In that supplemental complaint, Fernandez alleged that Memorial Healthcare tortiously interfered with his prospective business relationship with Bellaire General Hospital by making defamatory statements about him to the officials at Bellaire General Hospital. This issue, raised in Fernandez's supplemental complaint, was before the federal court at the time the summary judgment was granted.