Bernie BIERMAN, Plaintiff-Appellant,

v.

TAMPA ELECTRIC COMPANY, and
Western Continental, Inc.,
Defendants-Appellees.

No. 79–1647

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1979.

Rehearing Denied Nov. 14, 1979.

Montgomery, Barnett, Brown & Read, Charles A. Boggs, Edward A. Rodrigue, Jr., John C. Saunders, Jr., New Orleans, La., for plaintiff-appellant.

John W. Frost, II, Charles W. Dodson, Bartow, Fla., for defendants-appellees.

Before CLARK, GEE and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

This lawsuit is the third of three actions concerning the same claim for relief. Plaintiff Bierman filed the first action against Tampa Electric Company [TECO] on June 21, 1973, in federal district court for the Eastern District of Louisiana. Bierman filed the second action on July 23, 1974, in the Middle District of Florida. After the first action was dismissed for lack of jurisdiction over the defendant and while an appeal from that dismissal was pending to the Fifth Circuit, the parties requested the Court to stay the action pending the resolution of the appeal in the first action. On November 13, 1974, the district court ordered as follows:

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

1. Plaintiff file and serve the contracts identified in the complaint as Exhibits "A" and "B" within fifteen (15) days of the date hereof; failing which this complaint shall stand as dismissed without prejudice. Rule 10(c), F.R.Civ.P.

2. In the event Exhibits "A" and "B" are filed by Plaintiff within fifteen (15) days of the date hereof, this cause shall be stayed without further order of the Court pending determination by the Court of Appeals of the case originally brought in the Eastern District of Louisiana. So that the Court may be fully informed and thereby properly administer its docket, Plaintiff shall file with the Clerk for insertion in the Court's file a Quarterly Report as to the status of the case brought in Louisiana. The first such report shall be filed no later than December 15, 1974, and every three months thereafter until the Louisiana appeal is determined and that fact is reported to this Court. Failure to file a Quarterly Report, as required above, shall be taken as Plaintiff's abandonment of this cause, and the case shall be dismissed for want of prosecution pursuant to Rule 14, local rules of this Court, without further order.

Because Bierman never filed any of the required reports, on September 26, 1975, the District Court dismissed his claim for failure to prosecute as provided in the court's earlier order. On April 26, 1976, Bierman commenced the action before us now, asserting the same claim for relief, again in the Middle District of Florida. On January 8, 1979, the District Court granted summary judgment for the defendant on the basis that the previous dismissal barred the present claim by res judicata. From this judgment plaintiff appeals. We affirm.

The Court's order of dismissal of September 26, 1975, provided only as follows:

A review of the file in this case reveals that no activity has taken place since January 29, 1975. Accordingly, this cause is hereby DISMISSED FOR WANT OF PROSECUTION.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute . . . . a defendant may move for dismissal of an action. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." The order here appealed from obviously did not specify whether the dismissal was with or without prejudice.

The Defendant did not move for dismissal of the prior action; the dismissal was ordered by the court on its own motion, pursuant to Local Rule 14 (referred to in the November 13 order). This Local Rule allows the district court to dismiss an action on its own motion for failure to prosecute. Even without such a local rule, a district court has the inherent power to dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal works no greater hardship on a plaintiff than one ordered on defendant's motion. In a dismissal on a party's motion, plaintiff has an opportunity to object. In a dismissal sua sponte, plaintiff can seek reinstatement or can appeal the dismissal as an abuse of discretion. Neither course was followed here.

We need not decide, however, whether this dismissal for failure to prosecute was one specifically authorized by Rule 41(b) or was rather a "dismissal not provided for in this rule." In either event, the result is the same: the dismissal acted as an adjudication upon the merits, for the court did not otherwise specify in its order.

Plaintiff urges that the dismissal be treated as a voluntary dismissal under Federal Rule 41(a), arguing that the plaintiff merely elected the option, presented to it by the court in its earlier order, of taking a dismissal in the case by failing to file the quarterly reports. Rule 41(a) provides that, unless the court's order otherwise specifies, dismissals under that section are without prejudice to the merits of plaintiff's claim.

The court's order, however, does not contemplate that the plaintiff may be entitled to take a voluntary dismissal. The order states in terms that failure to file shall be taken as "abandonment" of the cause. The court makes clear that it is referring to an involuntary dismissal by its reference to Local Rule 14, dismissal for failure to prosecute. Nor was the first paragraph of the November 13 order misleading by providing that failure to file the exhibits within fifteen days would result in a dismissal without prejudice. That paragraph referred to an *immediate* action and did not contemplate failure to prosecute, which by its very nature requires extended noncompliance. The plaintiff needed only read Rule 41(b) to know that eight months of inactivity in the action would lead to a dismissal with prejudice.

The effect of the first dismissal was therefore an adjudication on the merits of plaintiff's claim. It is undisputed that the present action presents the same claim. This action is therefore barred by the doctrine of res judicata. The District Court was correct in ordering summary judgment for the defendant, and its order is hereby

AFFIRMED.