[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11643
Non-Argument Calendar

_____

D. C. Docket Nos.
00-01372-CV-SH
97-40207-BKC-AJ

In Re:  Norman Brickell

                                                                      Debtor,

DOROTHEA BRICKELL,

                                                      Defendant-Appellant,

                        versus

NORMAN BRICKELL,

                                                          Plaintiff-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 3, 2005)

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Dorothea Brickell, a creditor proceeding pro se, appeals the district court's affirmance of a bankruptcy court order declaring that all obligations owed to her by her former husband, Norman Brickell, are discharged. The district court judge issued a one page opinion dismissing the entire case and stating without further comment: "From a review of the record, it is evident that this is yet another patently frivolous appeal brought by Ms. Brickell."

In 1998 Ms. Brickell filed a complaint in the bankruptcy court alleging the same substantive issues she alleges today. That court dismissed the case for lack of prosecution, patent disregard of court orders, and failure to comply with the court rules. The district court affirmed the dismissal of that case, calling it the "latest installment in an acrimonious and litigious imbroglio." Almost eight years, multiple filings, and three trips to this Court later, Ms. Brickell still won't let it go.

Res judicata bars the relitigation of claims that have been fully litigated. Pleming v. Universal-Rundel Corp., 142 F.3d 1354, 1356 (11th Cir. 1998). The doctrine applies when: 1) a prior decision was rendered by a court of competent jurisdiction; 2) there was a final judgment on the merits; 3) the parties were identical in both suits; and 4) the prior and present causes of action are the same. Jang v. United Techs. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000). A dismissal of

2

a suit for failure to prosecute serves as an adjudication on the merits. Fed. R. Civ. P. 41(b); Bierman v. Tampa Elec. Co., 604 F.2d 929, 930–931 (5th Cir. 1979).

The bankruptcy court properly declared that the obligations owed by Mr. Brickell were dischargeable based on the preclusive effect of Ms. Brickell's 1998 action. First, because the determination of the dischargeability of an obligation is within the bankruptcy court's jurisdiction, the judgment dismissing the discharge complaint was rendered by a court of competent jurisdiction. Second, a dismissal for failure to prosecute serves as an adjudication upon the merits, so the prior judgment was on the merits. Third, the parties in both the prior and present suits are identical. Finally, because the issues in Ms. Brickell's discharge complaint and the present declaratory action involve the dischargeability of the marital obligations owed by Mr. Brickell, the prior and present causes of action are the same. As a result, res judicata applies to bar relitigation of this claim, and the district court did not err in affirming the bankruptcy court's decision.

In the bitter battles following a divorce, the judicial system may be duly called upon to determine a victor and divide the spoils of war. However, the judicial system is not a weapon to be brandished by either side. This war has taxed the resources and patience of the judicial system for long enough. It is time for it to end.

**AFFIRMED.**