[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12821
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-00116-TWT


FELICIA TUITAMA,

Plaintiff-Appellant,

versus

BANK OF AMERICA, NA,
RECONTRUST,
LEHMAN XS TRUST 2005-5N,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 10, 2014)

Before MARCUS, ANDERSON, and BLACK, Circuit Judges.

PER CURIAM:

Felicia Tuitama appeals the dismissal of her complaint in her diversity action against Bank of America, N.A. and others involved in the foreclosure of her property in California.  The district court dismissed Tuitama's complaint under the doctrine of res judicata based on a previously-dismissed action before the United States District Court for the Central District of California.  Tuitama concedes that the instant case and the California case involve the same parties and causes of action but contests whether the California court was a court of competent jurisdiction and whether it rendered a final judgment on the merits.  Upon review,[1] we conclude that the California court did have jurisdiction over Tuitama's claims and that its dismissal[2] constituted a final judgment on the merits for the purposes of res judicata.  We therefore affirm.

Res judicata bars a subsequent suit when (1) a court of competent jurisdiction (2) has rendered a final judgment on the merits (3) in a prior action between identical parties (or their privies) (4) involving the same causes of action. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d at 1235, 1238 (11th Cir. 1999).  Tuitama challenges the first and second elements.

---

[1] We review *de novo* a district court's conclusions on res judicata.  *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

[2] The California court titled its dismissal order "Dismissal by the Court for Failure to Prosecute," but the text of the order describes Tuitama's failure to respond to the court's order to show cause, despite making other filings.  The order can therefore be read either as a dismissal for failure to prosecute or a dismissal for failure to comply with the court's orders.  We note this ambiguity but find it inconsequential to the disposition of this appeal.

2

As to the first element, Tuitama argues the California court lacked subject matter jurisdiction over her claims because the action "rightly belonged in Georgia's Northern District." Tuitama fails to explain why this is true, however, and her argument fails as a matter of logic because whether federal subject matter jurisdiction exists does not depend on the location of a particular district court. Diversity jurisdiction establishes the power of *any federal court* to hear a claim, so if the District Court for the Northern District of Georgia possesses subject matter jurisdiction over Tuitama's claims, so too did the District Court for the Central District of California. Federal subject matter jurisdiction does, in fact, exist because the parties are completely diverse—regardless of whether Tuitama is a citizen of Georgia or California—and the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332; *see also Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1153 (11th Cir. 1985). At most, Tuitama's arguments may concern venue, but a defect in venue has no bearing on res judicata. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 316 (2006) ("Venue is largely a matter of litigational convenience [and] is waived if not timely raised.").

As to the second element, Tuitama argues the California court's dismissal for failure to prosecute was not a decision on the merits in light of California state law. However, contrary to Tuitama's assertion, federal law controls. *CSX Transp., Inc. v. Bhd. of Maintenance of Way Employees*, 327 F.3d 1309, 1316

(11th Cir. 2003).  Although the federal common law that governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity may in some instances incorporate state law, it does not do so in the instant case because no state substantive rights were at issue in the California court's ruling.  *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001).  Rather, the California court dismissed Tuitama's claim for failure to prosecute and failure to comply with the court's orders, reasons that concern the court's "interest in the integrity of [its] own processes."  *Id.* at 509; *see also Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 678-79 (5th Cir. 2003) ("The district court, although exercising diversity jurisdiction, dismissed on federal procedural grounds, thus distinguishing *Semtek*.").

We therefore need not consult California law and can instead rely exclusively on federal law, which clearly dictates that dismissal for failure to prosecute or for noncompliance with a court order is a judgment on the merits with claim-preclusive effect.  Bank of America points to Federal Rule of Civil Procedure 41(b), which states that dismissal for failure to prosecute or to comply with a court order "operates as an adjudication on the merits."   However, this rule is not always dispositive of the "adjudication on the merits" element of res judicata.  *Semtek*, 531 U.S. at 503 ("In short, it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim preclusive effect; and

4

there are a number of reasons for believing that the phrase 'adjudication on the merits' does not bear that meaning in Rule 41(b).").  Nevertheless, numerous decisions support the conclusion that a dismissals like the one at issue are preclusive.  *See, e.g.*, *Bierman v. Tampa Elec. Co.*, 604 F.2d 929, 930-31 (5th Cir. 1979);[3] *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776-77 (6th Cir. 2009); *Kimmel v. Tex. Commerce Bank*, 817 F.2d 39, 40-41 (7th Cir. 1987); *see also* 18A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4435 (2d ed. 2002) ("[D]ismissals for failure of the plaintiff to prosecute or to comply with . . . any order of the court . . . operate as an adjudication on the merits unless the court specifies otherwise . . . .  Ordinarily no difficulty is encountered in this area.").  Moreover, the traditional interests underlying res judicata justify giving the California court's order preclusive effect even without reliance on the text of Rule 41(b).  *See Nasser v. Isthmian Lines*, 331 F.2d 124, 128 (2d Cir. 1964) ("[E]ven if this result were not required by the terms of Rule 41(b), it would seem necessary as a matter of sound judicial administration." (footnote omitted)); Wright & Miller, *supra*, § 4440 (noting that the purpose of establishing "a strong sanction to enforce compliance with proper procedure[—][q]uite apart from Rule 41(b)[—]would suggest that penalty dismissals often should preclude a second action on

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the same claim.").  For these reasons, we conclude that the California court's

dismissal operated as an adjudication on the merits entitled to preclusive effect.[4]

Accordingly, all four elements of res judicata have been established, and the

district court did not err in dismissing Tuitama's claims.

**AFFIRMED.**

---

[4] Tuitama suggests she intended to respond to the California court's order to show cause with a motion to transfer venue to Georgia but failed to do so through an innocent mistake.  This suggestion is inconsequential because, under those circumstances, Tuitama should have sought relief on the basis of excusable neglect before the California court.  *See Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1020 (7th Cir. 2000).  In any event, the record discloses no reason the California court would have granted a motion for change of venue to the Northern District of Georgia, nor any reason jurisdiction would have been valid there but not in California.