[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11352
Non-Argument Calendar
_____

D.C. Docket Nos. 3:14-cv-01345-TJC; 3:13-bkc-04191-PMG

In re:

HENRI ANTONIE ERKELENS, III,

Debtor.
_____

RICHARD W. GANNETT,

Plaintiff - Appellant,

versus

HENRI ANTONIE ERKELENS,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 12, 2018)

Before JORDAN, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

The issue in this appeal is whether Richard Gannett, an attorney proceeding *pro se*, is precluded from relitigating the dischargeability of a debt that a former client assigned to him. As part of a divorce settlement, Tammie Erkelens—Gannett's former client—received a money judgment against her former husband, Henri Erkelens. When Henri later filed for bankruptcy in Massachusetts, Tammie hired Gannett to represent her in an adversary proceeding challenging the dischargeability of the money judgment. After over a year of litigation and on the eve of trial, communication between Gannett and Tammie broke down. The Massachusetts bankruptcy court permitted Gannett to withdraw as Tammie's counsel and then entered judgment against her for failure to prosecute when she failed to appear for trial.

Tammie and Gannett later reached a settlement agreement regarding Gannett's unpaid legal fees, whereby Tammie assigned to Gannett 50% of her money judgment against Henri in exchange for his forgiveness of the remaining unpaid fees. Meanwhile, Henri filed for bankruptcy for a second time in Florida. Gannett then filed a proof of claim in Henri's new bankruptcy case for the portion of the money judgment that Tammie had assigned to him. The Florida bankruptcy court disallowed Gannett's claim, concluding that the judgment against Tammie

and resulting discharge order in the Massachusetts bankruptcy case precluded Gannett from relitigating whether the money judgment was dischargeable. The district court affirmed the bankruptcy court's decision, and Gannett appealed. After careful review, we affirm.

## I.    BACKGROUND

Tammie and Henri divorced in 2006. Two years later, Tammie obtained a $265,500 money judgment against Henri for failure to pay her according to the terms of their consent divorce judgment. Henri then filed for Chapter 11 bankruptcy in the District of Massachusetts. Tammie, represented by Gannett, filed an adversary complaint against Henri claiming that the obligations arising from the consent divorce judgment, including the money judgment, were non-dischargeable under 11 U.S.C. §§ 523(a)(5) and 523(a)(15) because they arose out of a divorce.[1]

Tammie and Henri litigated the dischargeability of Henri's obligations for over a year; the parties engaged in discovery, and Tammie moved for summary judgment, which the Massachusetts bankruptcy court denied. The case was then set for trial. Shortly before the trial date, Gannett filed a motion to withdraw as

---

[1] These provisions prohibit a debtor from discharging "domestic support obligation[s]," 11 U.S.C. § 523(a)(5), and debts that are not domestic support obligations but that are nonetheless owed "to a . . . former spouse . . . that [are] incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit," *id.* § 523(a)(15).

3

Tammie's counsel.  Gannett appeared in court on the trial date, and the Massachusetts bankruptcy court granted his motion to withdraw based on Tammie's "failure to cooperate with her counsel."  Doc. 22 at 22 (capitalization omitted).[2]  Tammie did not appear.  The Massachusetts bankruptcy court then entered judgment against Tammie "on all [c]ounts" in light of her "fail[ure] to appear and prosecute [the] adversary proceeding."  Doc. 1-10 at 15.  Henri's Chapter 11 case was converted to Chapter 7, and he received a Chapter 7 discharge.

Several years later, Tammie filed for bankruptcy in the Middle District of Florida.  Gannett filed an adversary complaint against Tammie challenging the dischargeability of the attorney's fees she owed him for his representation of her in Henri's Massachusetts bankruptcy case.  After mediation, Gannett and Tammie entered into a settlement agreement in which Tammie assigned to Gannett 50% of her interest in the $265,500 money judgment against Henri in exchange for "full satisfaction of the pending adversary action" concerning Gannett's legal fees.  Doc. 1-10 at 7.  The Florida bankruptcy court approved this settlement agreement.

In the meantime, Henri filed a new bankruptcy case in the same court where Tammie had filed—the Middle District of Florida.  Gannett filed a proof of claim in Henri's new case for domestic support obligations in the amount of $132,750,

---

[2] Citations to "Doc. #" refer to numbered entries on the district court's docket.

which represented the portion of the money judgment that Tammie had assigned to him.  Henri objected to Gannett's proof of claim, arguing that the debt had been discharged in Henri's Massachusetts bankruptcy case after judgment against Tammie and a discharge order were entered in that case.

The Florida bankruptcy court sustained Henri's objection and disallowed Gannett's claim.  It concluded that:  (1) the money judgment had been "determined to be dischargeable" in Henri's Massachusetts bankruptcy case, (2) the money judgment had been discharged, and (3) "[t]he dischargeability determination [could] not be relitigated."  Doc. 1-5 at 4.  The district court affirmed the Florida bankruptcy court's order, and Gannett appealed to this Court.

## II.    STANDARD OF REVIEW

As the second court of review of a bankruptcy court's order, we examine independently the bankruptcy court's factual and legal determinations, employing the same standards of review as the district court.  *In re Mitchell*, 633 F.3d 1319, 1326 (11th Cir. 2011).  We review the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*.  *Id.*  We may affirm for any reason supported by the record, even if it was not relied upon or even considered by the district court or the bankruptcy court.  *See United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012).

5

### III.    DISCUSSION

This appeal requires us to consider the preclusive effect of the Massachusetts bankruptcy court's judgment against Tammie and Henri's subsequent discharge order.  "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (internal quotation marks omitted).  "Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* (internal quotation marks omitted).

Although the Florida bankruptcy court did not specify what type of preclusion it was applying, Gannett's arguments on appeal are based on issue preclusion.[3]  He argues that issue preclusion cannot apply because the dischargeability of the money judgment was not "actually litigated" in the Massachussets bankruptcy court.  *See In re Bush*, 62 F.3d 1319, 1322 (11th Cir. 1995) ("[F]or a party to be estopped from relitigating an issue regarding the dischargeability of a debt . . . [t]he bankruptcy issue [must have been] actually

---

[3] Gannett's brief includes a few references to res judicata—which could refer to claim preclusion—but, substantively, his arguments sound in issue preclusion alone.

litigated in the prior action.").  We need not decide whether issue preclusion applies, however, because we conclude that claim preclusion bars Gannett from enforcing the money judgment against Henri.

The doctrine of claim preclusion bars a subsequent claim when (1) a court of competent jurisdiction (2) has rendered a final judgment on the merits (3) in a prior action between identical parties or those in privity with them, and (4) the same cause of action is involved in both cases.  *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).  Before explaining why the elements of claim preclusion are satisfied here, we pause to discuss the nature of the Massachusetts bankruptcy court's judgment disposing of Tammie's adversary proceeding.  The Florida bankruptcy court characterized the Massachusetts bankruptcy court's order entering judgment against Tammie as a default judgment.  It then concluded that the order barred Gannett from relitigating the dischargeability of the money judgment because "the general rule of preclusion may apply in later cases, even if the prior dischargeability determination involved a default judgment."  Doc. 1-5 at 3.

We disagree with the Florida bankruptcy court's characterization of the Massachusetts bankruptcy court's order entering judgment against Tammie as a default judgment.  Default judgments typically are entered against defendants, yet Tammie was the plaintiff in her adversary action against Henri.  *See* Fed. R. Civ. P.

7

55(a) ("When a party *against whom a judgment for affirmative relief is sought* has failed to plead or otherwise defend . . . the clerk must enter the party's default." (emphasis added)); *see also* Fed. R. Bankr. P. 7055 ("Rule 55 [of the Federal Rules of Civil Procedure] applies in adversary proceedings."). Even though the Massachusetts bankruptcy court said that Tammie was "defaulted," it did so only because she had "failed to appear and prosecute [her] adversary proceeding." Doc. 1-10 at 15. This language tracks Federal Rule of Civil Procedure 41(b), which permits the involuntary dismissal of an action upon the plaintiff's "fail[ure] to prosecute."[4] We therefore conclude that the Massachusetts bankruptcy court's order was a dismissal for failure to prosecute under Rule 41(b), not a default judgment under Rule 55.

The issue we must decide, then, is whether the dismissal of Tammie's adversary proceeding for failure to prosecute followed by entry of the discharge order precludes Gannett from relitigating the dischargeability of the money judgment. We conclude that it does because all four requirements of claim preclusion are met here. First, there is no dispute that the Massachusetts bankruptcy court had subject matter jurisdiction over Henri's bankruptcy case and Tammie's adversary proceeding against him. Second, the dismissal of Tammie's adversary proceeding against Henri served as a final judgment on the merits

---

[4] Like Rule 55, Rule 41 applies in adversary proceedings. *See* Fed. R. Bankr. P. 7041.

8

because dismissals for failure to prosecute may serve as judgments with preclusive effect. *See Bierman v. Tampa Elec. Co.*, 604 F.2d 929, 930-31 (5th Cir. 1979) (holding that a prior dismissal for "want of prosecution" operated as an "adjudication on the merits" giving rise to claim preclusion);[5] *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (same). Third, the "identical parties" element is satisfied here as a result of privity: even though the dispute at issue in this case involves Gannett instead of Tammie, Gannett is in privity with Tammie as a result of her assignment to him of 50% of the money judgment. *See Taylor*, 553 U.S. at 894 (observing that nonparty preclusion may be justified by certain substantive legal relationships, including the relationship between an assignee and an assignor). Fourth, the same "cause of action" was at issue in Tammie's adversary proceeding as is at issue here. When evaluating the cause of action requirement of claim preclusion, we must compare the "substance of the actions, not their form." *Ragsdale*, 193 F.3d at 1239 (internal quotation marks omitted). By filing a proof of claim in Henri's Florida bankruptcy, Gannett was attempting to enforce the money judgment against Henri. The same was true in Tammie's adversary action against Henri in which she sought to have the money judgment declared non-dischargeable. In "substance," then, this appeal arises from the same

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"cause of action" that Tammie raised in her adversary proceeding. Because all four requirements of claim preclusion are met here, the bankruptcy court did not err in disallowing Gannett's claim.[6]

## IV.   CONCLUSION

For the foregoing reasons, we affirm the district court's order affirming the bankruptcy court's order sustaining Henri's objection and disallowing Gannett's claim.

**AFFIRMED.**

---

[6] Gannett also argues for the first time on appeal that the Florida bankruptcy court was judicially estopped from disallowing his claim because the same judge who disallowed his claim also approved his settlement agreement with Tammie and therefore was aware that his claim was the sole consideration for the settlement agreement. We reject this argument for two reasons. First, Gannett waived it by failing to raise it before the district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Second, Gannett's argument fails on the merits. Judicial estoppel is intended to protect the integrity of the judicial process "by prohibiting *parties* from deliberately changing positions according to the exigencies of the moment." *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) (en banc) (emphasis added) (internal quotation marks omitted). Judicial estoppel applies only to parties; it cannot operate against the Florida bankruptcy court.