Filed 1/14/26  Rendon v. County of Orange CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| MATHEW RENDON, | |
| Plaintiff and Appellant, | G064507 |
| v. | (Super. Ct. No. 30-2021-01228590) |
| COUNTY OF ORANGE et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Strickroth, Judge. Affirmed.

Law Office of Richard P. Herman and Richard P. Herman for Plaintiff and Appellant.

Lynberg & Watkins, S. Frank Harrell, Jesse K. Cox and Delaney N. Kennedy for Defendants and Respondents.

Plaintiff Mathew Rendon appeals from summary judgment entered against him after the trial court found this action was barred by res judicata. We conclude the dismissal of his prior federal case was made "on the merits" and precludes this action. We affirm.

FACTS

According to Rendon, several Orange County Sheriff's deputies beat, threatened, and sexually abused him while he was in jail. Rendon then filed a string of complaints arising from that abuse—first in 2018, then in 2020, and again in 2021.

Rendon brought his first complaint in federal court against the County, Deputy Keith Franklin, and others, alleging claims for federal constitutional violations, violations of the Tom Bane Civil Rights Act (Civ. Code, § 52.1), battery, and negligence. The defendants in that first case filed a motion to dismiss. The district court dismissed Rendon's federal constitutional claims with prejudice based on his failure to state a claim. It then declined to exercise supplemental jurisdiction over Rendon's state law claims, dismissed those remaining claims without prejudice, and entered judgment against Rendon in April 2020.

The following month, Rendon filed a second lawsuit—this time in Orange County Superior Court—against the County, Deputy Franklin, Deputy Ever I. Zelaya, and others (the 2020 case). Rendon again alleged he had been beaten and sexually abused in jail, and he again asserted causes of action for federal constitutional violations, violations of the Bane Act, and battery.

The defendants in the 2020 case removed the matter to federal court under federal question jurisdiction and filed a motion to dismiss under Federal Rule of Civil Procedure rule 12(b)(6) (failure to state a claim), among

2

other grounds. Rendon requested and received an extension on the deadline to file his opposition. However, he still failed to file a timely opposition by the new due date. The district court therefore dismissed the complaint under Local Rule 7-12, which provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."

Rendon appealed, and the Ninth Circuit Court of Appeals affirmed, finding the district court did not abuse its discretion in dismissing the action for failure to comply with the local rules. It explained that courts must apply a five-factor analysis before dismissing a complaint for rule violations, and nearly all of those factors weighed in favor of dismissal. Among other things, Rendon's excuse for not meeting the filing deadline was frivolous, and he had been warned that failure to comply with court deadlines could result in dismissal. While recognizing that public policy favors disposition on the merits, the Ninth Circuit found "'this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct [by not meeting deadlines] impedes progress in that direction.'" (*Rendon v. County of Orange* (9th Cir., Nov. 9, 2022, No. 21-56163) 2022 WL 16832810.)

Meanwhile, Rendon filed yet another lawsuit in Orange County Superior Court. In this third lawsuit, he asserted three "intentional tort" claims against the County, Deputy Franklin, and Deputy Zelaya for battery and Bane Act violations based on the beatings, threats, and sexual abuse that allegedly occurred in 2018 and 2019.

The defendants in that third case moved for summary judgment, asserting the entire action is barred by res judicata. The trial court agreed, granted their motion, and entered judgment against Rendon.

DISCUSSION

The sole issue on appeal is whether res judicata bars the present action. "The claim preclusion doctrine, formerly called res judicata, 'prohibits a second suit between the same parties on the same cause of action.' [Citation.] 'Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit.'" (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 91.)

Rendon does not dispute that the 2020 case and the present case involve the same causes of action between the same parties. His sole contention is that res judicata does not apply because the federal district court in the 2020 case did not dismiss that case "on the merits," but rather for technical reasons (i.e., Rendon's failure to file a timely opposition to the defendants' motion to dismiss).

Rendon encourages us to apply "California principles of relief from attorney errors" and insists there was "no 'judgment on the merits' under California law." Under California law, a judgment "reached on procedural or technical grounds that did not resolve or depend on the claim's merits" generally does not constitute a judgment on the merits for purposes of res judicata. (*Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1220 (*Irritated Residents*); see, e.g., *Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 288 [dismissal for failure to prosecute is not a judgment on the merits and does not bar a subsequent action].)

"However, if 'a prior federal judgment was based on federal question jurisdiction, the preclusive effect of the prior judgment of a federal court is determined by federal law,'" and "state law is not incorporated." (*Doe*

4

*v. Marysville Joint Unified School Dist.* (2023) 98 Cal.App.5th 95, 106, 107; see *Taylor v. Sturgell* (2008) 553 U.S. 880, 891.)

Here, Rendon's 2020 case was removed to federal court based on federal question jurisdiction. We therefore look exclusively to federal law in determining the preclusive effect of the judgment in the 2020 case.

Under federal law, "a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies." (*Stewart v. U.S. Bancorp* (9th Cir. 2002) 297 F.3d 953, 957; contrast *Irritated Residents, supra,* 11 Cal.App.5th at p. 1220 [under state law, a judgment of dismissal following a general demurrer is on the merits for purposes of res judicata only "if the disposition was plainly reached 'on a ground of substance'"].)

Even more to the point, federal case law provides that when a district court invokes a local rule deeming a party's failure to respond to a motion as consent to the granting of the motion, and then dismisses a complaint based on the plaintiff's failure to oppose a motion to dismiss, that dismissal is "properly characterized as a dismissal on the merits" for purposes of res judicata. (*Young v. U.S.* (9th Cir. 1995) 65 F.3d 177, *1; see, e.g., *Kellogg v. Wilson* (S.D. Cal., Apr. 19, 2017, No. 17-cv-00353-BAS-AGS) 2017 WL 1400170, at *3–4 [res judicata barred claims that had previously been dismissed due to plaintiff's failure to respond to motion to dismiss]; cf. *Tuitama v. Bank of America, NA* (11th Cir. 2014) 552 Fed.Appx. 881, 883 ["federal law . . . clearly dictates that dismissal for failure to prosecute or for noncompliance with a court order is a judgment on the merits with claim-preclusive effect"].)

This is because "[t]he consent resulting from a failure to oppose under [a local rule] . . . operates as an agreement, on the merits of the

pending motions, that [the] complaint failed to state a cognizable claim." (*Beekhof v. First Horizon Home Loan Corp.* (D. Nev., Mar. 29, 2012, No. 3:11-cv-00557-LDG(WGC)) 2012 WL 1067977, at *3; see *Watson v. Federal National Mortgage Association* (D. Ariz., Apr. 17, 2020, No. CV-20-08026-PCT-JAT) 2020 WL 1904660, at *3 ["Plaintiffs' failure to respond to the motion to dismiss belies any contention that they have never had a full and fair *opportunity* to litigate this case."].)[1]

Applying these authorities here, we conclude the judgment in the 2020 case bars Rendon from pursuing this action. The district court dismissed Rendon's 2020 case because he failed to file a timely opposition to the defendants' motion to dismiss and therefore impliedly consented to the granting of the motion under Local Rule 7-12. Under federal law, that dismissal qualifies as a dismissal on the merits for purposes of res judicata. Summary judgment against Rendon was therefore appropriate.

---

[1] Rendon's assertion that a procedural dismissal is not "on the merits" finds little support in *Gibson v. County of Orange* (C.D. Cal., Mar. 8, 2021, No. 8:20-cv-01232-JWH-DFMx) 2021 WL 860000. *Gibson* found the prior court did not engage in the five-factor test for imposing dismissal as a sanction, which suggested it "could not have intended its dismissal with prejudice to have claim-preclusive effects." (*Id.* at p. *7.) Here, by contrast, the Ninth Circuit conducted that exact analysis, found dismissal proper, and faulted Rendon for impeding any other disposition. (*Rendon v. County of Orange* (9th Cir., Nov. 9, 2022, No. 21-56163) 2022 WL 16832810, *1.)

DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.

7